The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Is a non-resident seller who possesses a quantity of products bearing a brand or trade name label which the aforementioned non-resident seller is desirous of registering with the Alcoholic Beverage Control Board, to be considered the owner of the aforementioned brand or trade name for the purposes of 37 O.S. 573 [37-573](b) (1971) ? "2. Is a non-resident seller who possesses a quantity of products bearing a brand or trade name label which the aforementioned non-resident seller is desirous of registering with the Alcoholic Beverage Control Board to be considered a representative of the owner of the brand or trade name label for the purposes of 37 O.S. 538 [37-538](b) (1971) sic ?" The statute to which you refer in your questions has been amended since its original enactment. Title 37 O.S. 573 [37-573](b) (1978) currently provides as follows: "An application for registration of a brand label shall be filed by the owner of the brand if such owner is licensed by the Oklahoma Alcoholic Beverage Control Board, however, if the owner is not licensed but is represented by a licensed nonresident seller, the nonresident seller licensee shall submit each label for each product he offers for sale in this State. Cordials and wines which differ only as to age or vintage year, as defined by such regulations, shall be considered the same brand; and those that differ as to type or class may be considered the same brand by the Oklahoma Alcoholic Beverage Control Board where consistent with the purposes of this section." Section 37 O.S. 573 [37-573](b), as amended, no longer refers to "trade name labels," but only to "brand labels." Therefore, your questions will be addressed in that context. Additionally, your questions are distinct only in that they seek to establish the status of a nonresident seller, who possesses alcoholic beverage and is desirous of selling the same, as an "owner" or a "representative of the owner." Inasmuch as both questions require the same analysis, they can and will be answered as one. It is observed, initially, that Section 37 O.S. 573 [37-573](b) does not in any way refer to possession as a material factor regarding a non-resident seller's status as an owner or representative of the owner. The crucial factor in determining whether a non-resident seller is the owner of a brand label or a representative of the owner may be discerned from a reading of 37 O.S. 573 [37-573](a) (1978) which provides: "No liquor, wine or beer shall be labeled, offered or advertised for sale unless in accordance with such regulations and unless the brand label shall have been registered with and approved by the Oklahoma Alcoholic Beverage Control Board and the appropriate fee paid as provided for in this section." Section 37 O.S. 573 [37-573](a), when read in light of the constitutional mandate of "strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage," found in ArticleXXVII, Section 3 of the Oklahoma Constitution, is nothing more than a means of allowing the Alcoholic Beverage Control Board to maintain a constant watch on those alcoholic beverages being marketed in Oklahoma by any given non-resident seller. This objective is further provided for in 37 O.S. 515 [37-515] (1971) which authorizes the Alcoholic Beverage Control Board to promulgate rules and regulations regarding the "packaging, marking, branding and labeling of alcoholic beverages." Such rules and regulations, according to Section 515, are to insure that the consumer is provided with adequate information regarding, among other things, the identity and quantity of the contents, and the identity of the manufacturer or importer of the alcoholic beverage so as to avoid deception to the consumer. It is with this primary purpose in mind, i.e., the monitoring and the distribution of alcoholic beverage in Oklahoma, that we address your questions. It has been ruled in an earlier Attorney General's opinion that "one who owns the exclusive right to sell to Oklahoma wholesalers products bearing certain labels, owns the labels for the purpose of registering them under the provisions of 37 O.S. 573 [37-573] (1969) (the original version of the present Section 573)." (Emphasis added). 3 Okl. Op. A.G. 23, citing Scandinavia Belting Company v. Asbestos Rubber Works of America, 257 F. 937
(2d Cir. 1919), cert. denied, 250 U.S. 655, 63 L.Ed. 1186,39 S.Ct. 494. Therefore, if a non-resident seller, in fact, has the exclusive right to market certain alcoholic beverages in Oklahoma, then said non-resident seller is the "owner" of the brand labels on such alcoholic beverages for purposes of Section 37 O.S. 573 [37-573](b). In determining whether a non-resident seller is a representative of the owner for purposes of Section 573(b), it is helpful to consider first precisely what is the status of a non-resident seller. Title 37 O.S. 524 [37-524] (1971) provides in pertinent part: "(a) A nonresident seller's license shall be required of all out-of-state distillers, winemakers, brewers, importers, brokers and others who sell alcoholic beverages to wholesalers and Class B wholesalers in Oklahoma regardless of whether such sales are consummated within or without the State of Oklahoma. "(b) A nonresident seller's license shall authorize the holder thereof to solicit and take orders for alcoholic beverages from the holders of licenses authorized to import the same into this State, and to ship or deliver, or cause to be shipped or delivered, alcoholic beverages into Oklahoma pursuant to such sales. "(d) No licensee in this State authorized to import alcoholic beverages into this State shall purchase or receive any alcoholic beverages from without this State from any person not holding a valid and existing non-resident seller's license." Clearly, a non-resident seller is the party who delivers alcoholic beverage to Oklahoma importers. The non-resident seller may be the actual distiller, winemaker, brewer, importer, or a broker for any of the aforementioned. Keeping in mind that the primary purpose of Section 37 O.S. 673 [37-673] is to allow the Alcoholic Beverage Control Board to maintain strict control over the distribution of alcoholic beverage in Oklahoma, we determine that licensed non-resident sellers who represent to the Alcoholic Beverage Control Board that they are representatives of the owners of alcoholic beverage shall be deemed the representative of the owner of such alcoholic beverage for purposes of 37 O.S. 573 [37-573](b) (1978) and may, therefore, register brand labels of said alcoholic beverage with the Alcoholic Beverage Control Board. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: A non-resident seller of alcoholic beverage who owns the exclusive right to sell said alcoholic beverage in Oklahoma is the owner of brand labels on such alcoholic beverage for purposes of 37 O.S. 573 [37-573](b) (1978). Licensed non-resident sellers of alcoholic beverage in Oklahoma who represent to the Alcoholic Beverage Control Board that they are representatives of the owners of alcoholic beverage shall be deemed the representative of the owner of such alcoholic beverage for purposes of 37 O.S. 573 [37-573](b) (1978) and may, therefore, register brand labels of said alcoholic beverage with the Alcoholic Beverage Control Board. (Danny K. Shadid)